**Igor DEREVOV, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71306.

Agency No. A75–316–860.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Dec. 21, 2004.

Robert H. Gibbs, Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Michelle E. Gordon, Blair T. O'Connor, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Joanne E. Johnson, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

**616**

MEMORANDUM*

Igor Derevov, a Russian citizen, petitions for review of the Board of Immigration Appeals's ("BIA's") and Immigration Judge's ("IJ's") denial of his application for adjustment of status.

The Attorney General has the discretion to adjust the status of an alien "who was inspected and admitted or paroled into the United States" if the alien meets three requirements: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigration visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). The Attorney General's determination of the three eligibility qualifications listed in § 1255(a) is non-discretionary and may be reviewed by the court. The decision to grant adjustment of status after the determination of the non-discretionary eligibility criteria is within the Attorney General's discretion and subject to the bar on the court's jurisdiction contained in 8 U.S.C. § 1252(a)(2)(B)(i). *Hernandez v. Ashcroft*, 345 F.3d 824, 845 (9th Cir.2003) ("Although the eligibility determination is clearly reviewable, IIRIRA stripped us of jurisdiction to review the discretionary aspect of a decision to deny an application for adjustment of status.").

The opinions of the BIA and IJ state explicitly that Derevov's application for adjustment of status under 8 U.S.C. § 1255 was denied as a matter of discretion. The application was not denied on the basis of the eligibility requirements in § 1255(a). The court's jurisdiction over Derevov's petition is barred by 8 U.S.C. § 1252(a)(2)(B)(i) because the denial of his application was a matter of discretion and because the exceptions for a due process violation or for a BIA or IJ decision that was contrary to law are inapplicable.

**DISMISSED FOR LACK OF JURISDICTION.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

